UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GAIL MCDONNELL,
                            Plaintiff,

                                                                          10 CV 08140 (RPP)

   -against-

                                                                        **OPINION & ORDER**


FIRST UNUM LIFE INSURANCE COMPANY,

                            Defendant.
---------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        On December 7, 2011, Defendant First Unum Life Insurance Company ("UNUM" or "Defendant") moved for a protective order requiring Plaintiff Gail McDonnell and her attorney to maintain the confidentiality of private and confidential material to be produced as a result of the Court's November 3, 2011 Opinion and Order. See McDonnell v. First Unum Life Ins. Co., No. 10 Civ. 08140 (RPP), 2011 WL 5301588 (S.D.N.Y. Nov. 3, 2011).  For the following reasons, Defendant's motion for a protective order is granted.

**I.    Procedural History**

        On July 7, 2011, Plaintiff moved to compel discovery seeking production of  (1) performance evaluations and bonus/compensation information for 2008 through 2010 pertaining to UNUM employees Elizabeth Cleale ("Cleale") and Denise Laverriere ("Laverriere"), and (2) production of UNUM's claims determination statistics under the benefits plan.  Additionally, Plaintiff  sought permission to take the depositions of Cleale and Laverriere.  On November 3, 2011, the Court ordered production of the aforementioned information and granted Plaintiff permission to depose Cleale and Laverriere, but limited the scope of those depositions to

ascertaining facts relating to the issue of whether the bases for their determinations were affected by a conflict of interest, as this information is unlikely to be found in the administrative record. McDonnell, 2011 WL 5301588, at *5-6.

## II.     Applicable Law

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).  It is well settled that the party seeking a protective order bears the burden of proving that good cause exists and that the issuance of such an order is necessary to protect a party or person. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004); Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).  For purposes of a protective order, "good cause" is established when a party is able to show that a "clearly defined, specific and serious injury" will occur in the absence of such an order.  See In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quoting Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005).  Furthermore, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not sufficient to satisfy the burden. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d. Cir. 1986); see also Joy v. North, 692 F.2d 880, 894 (2nd Cir. 1982) (refusing a protective order where proponent's made only broad allegations that the disclosure of certain information would cause injury), cert. denied sub nom. Citytrust v. Joy, 460 U.S. 1051 (1983).  While the burden to show good cause remains on the moving party, the Court cannot simply disregard the impact of such an order on the party seeking to obtain discovery, but rather must balance the interests of all parties in coming to its decision. Mitchell v. Fishbein, 227

F.R.D. 239, 245 (S.D.N.Y. 2005) ("the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectable interests of the party from whom discovery is sought.") (quoting Apex Oil Co. v. DiMauro, 110 F.R.D. 490, 496 (S.D.N.Y. 1985)).  Ultimately, the decision to grant or deny a protective order lies within the sole discretion of the Court. Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).

### III.   Discussion

Defendant seeks this protective order requiring Plaintiff and her attorney to maintain the confidentiality of certain documents to be produced and requiring that those documents only be used in the instant litigation.  (See Defendant's Memorandum of Law in Support of Motion for Protective Order ("Def.'s Mem.") at 9.)

As an initial matter, Plaintiff argues that Defendant's motion is in sum and substance a motion for reconsideration of the Court's November 3, 2011 Opinion and Order, and as such, is untimely under Local Rule 6.3. (See Plaintiff's Memorandum of Law in Opposition to Motion for Protective Order ("Pl.'s Mem.") at 3-4.)  Plaintiff argues that UNUM's opposition to its motion to compel discovery raised the issue of confidentiality and as such it should not be able to reargue the issue. (Id.)  This argument is without merit.  Plaintiff's motion to compel discovery did not speak to the manner, if any, in which confidential information was to be protected, nor did UNUM address the scope of protection in its opposition papers.  UNUM merely raised confidentiality as a defense to the production of such documents.  Therefore, UNUM is entitled to seek a protective order for the documents it deems are confidential.

A.  *The Employee Records of Cleale and Laverriere*

Defendant argues that the compensation and evaluation records pertaining to Cleale and Laverriere are confidential and should be afforded protection to maintain that confidentiality. (Def.'s Mem. at 7.)  Defendant notes that Plaintiff has previously acknowledged that the documents require some measure of protection due to their confidential nature.  (See Declaration of Patrick Begos in support Defendant's motion for a protective order dated December 6, 2011, Ex. F; Declaration of Scott Reimer in support of Plaintiff's motion to compel dated July, 7, 2011, Ex. B.)  Plaintiff, however, asserts that this acknowledgement of confidentiality was a mere compromise to expedite the discovery process and avoid the costs of extended litigation – not an acknowledgment that the documents were in fact confidential.  Nevertheless, courts have recognized that an employer has an interest in maintaining the privacy of its employee's personnel records. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 601 (2d Cir. 1986) (holding that courts should "make a proper attempt to balance the plaintiffs' desire for full disclosure of relevant information against the defendant's desire to preserve the privacy of its employees."); Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 73-74 (S.D.N.Y. 2010) (personnel files, especially those of non-parties, are confidential by their nature); Mitchell v. Metro. Life Ins. Co., Inc., No. 03 Civ. 10294 (WHP), 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (personnel files of non-parties containing sensitive information warrant protection) (citing U.S. v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995)).

Plaintiff argues that simply redacting the sensitive information from the documents is sufficient protection. (Pl.'s Mem. at 8.)  The Court disagrees with this contention.  Redaction of personal identifying information does not provide ample protection for the privacy interests of non-parties to the litigation.  Defendant argues, and the Court agrees, that a protective order is

4

necessary to prevent any future misuse of the sensitive information contained in the documents. (Def.'s Mem. at 3.) Therefore, the Court concludes that documents relating to performance evaluations and compensation information for Cleale and Laverriere are to be treated as confidential as they contain sensitive and private information.

Defendant also argues that the aforementioned documents should be limited to use in the instant litigation. While there is no general prohibition from using discovery gathered in one litigation for the purposes of another litigation, see Dove, 963 F.2d at 19-20, courts may use their discretion to limit the use of information obtained in discovery to the litigation currently pending before it. See Sperry Rand Corp. v. Rothlein, 288 F.2d 245, 246, 249 (2d Cir. 1961). Given that neither Cleale nor Laverriere are parties to the action, the Court concludes that the performance reviews and compensation information are properly limited to the instant action. Furthermore, these files must be destroyed or returned to Defendant at the termination of the litigation.

B.      *The Employee Benefit Brochure and Claim Determination Statistics*

UNUM also argues that its "Benefits Center Recognition Programs Summary Brochure (the "Brochure") as well as statistics relating to long term disability claims by Morgan Stanley employees (the "claim statistics") should remain confidential. (Def.'s Mem. at 3.) UNUM contends that the Brochure is confidential as it is "designed to help UNUM Group attract and retain a high quality workforce, whose experience and expertise give the company a competitive advantage as compared to other companies in the insurance industry." (Id.) UNUM also argues that the claims statistics are proprietary to UNUM, not publicly available and commercially sensitive. (Id.) UNUM contends that since neither Morgan Stanley nor any of its present or former employees (except Plaintiff) are a party to this action, they have privacy rights which must be protected. (Id. at 8.) Plaintiff argues that the redaction of names is sufficient protection

5

for the privacy interests of Morgan Stanley and its employees (Pl.'s Mem. at 9), however, UNUM contends that the redacted statistics would be "valuable in the hands of a competitor, as they provide details concerning data tracking, reporting, and analysis." (Declaration of Luralee O'Connell dated December 6, 2011 ¶ 4.) UNUM argues that the expertise and experience "[UNUM] has developed in tracking and reporting data give UNUM and its subsidiary insurance companies . . . a competitive advantage as compared to other companies in the insurance industry. (Id.)

Rule 26(c) allows for the issuance of a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The affidavits submitted demonstrate that the Brochure and the claim statistics should remain confidential as they contain information which is commercially sensitive to UNUM. See Mitchell, 2004 WL 2439704, at *2 (holding that business plans are to remain confidential); cf. Houbigant v. Dev. Specialists, Inc., No. 01 Civ. 7388 (LTS) (GWG), 2003 WL 21688243, at *2 (S.D.N.Y. July 21, 2003). Furthermore, the Brochure and claim statistics obtained by Plaintiff are limited to use in this action and must be returned or destroyed at the termination of the litigation.

### III.    Conclusion

UNUM has demonstrated good cause for entry of a protective order. The files relating to the compensation and performance evaluations of Cleale and Laverriere, the Brochure, and claim statistics are to remain confidential and are limited to use in the instant litigation. Any testimony relating to these documents obtained through depositions should also remain confidential.

Defendant's motion for a protective order is granted.

IT IS SO ORDERED.

Dated: New York, New York
       January 3, 2012

                                                                             Robert P. Patterson, Jr.
                                                                                     U.S.D.J.

Scott Madison Riemer
Riemer & Associates, L.L.C.
60 East 42nd Street
Suite 1750
New York, NY 10165
212-297-0700
Fax: 212-297-0730

Patrick Walter Begos
Begos and Horgan L.L.P. (CT)
327 Riverside Avenue
Westport, CT 06880
203-226-9990
Fax: 203-222-4833